AARON J. LUI, Claimant-Appellant,
v.
PURAL WATER SPECIALTY CO., INC., and NATIONAL INTERSTATE, Employer/Insurance Carrier-Appellee
No. 29030
Intermediate Court of Appeals of Hawaii.
July 20, 2009.
On the briefs:
Wayne H. Mukaida, for Claimant-Appellant.
Gary N. Kunihiro, Shawn L.M. Benton, (Leong Kunihiro Leong & Lezy), for Employer/Insurance Carrier-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE and LEONARD, JJ.
Claimant-Appellant Aaron J. Lui (Lui) appeals from the February 8, 2008 Decision and Order of the Labor and Industrial Relations Appeals Board (LIRAB) in Case No. AB 2005-315 (X-XX-XXXXX).
On appeal, Lui contends the LIRAB erred in (1) finding that he did not experience allergic reactions from mosquito bites while attending Kapiolani Community College (KCC); (2) finding that his allergic reactions to mosquito bites were not connected to participation in vocational rehabilitation (VR); (3) concluding that his allergic reaction or aggravation of allergic reaction was not compensable; (4) finding that he exercised his first change of physician when he was treated by Dr. Wengler; (5) finding that Dr. Lawler could not be his attending physician under workers' compensation; (6) concluding that he was not allowed a change of physician; (7) concluding that he was not entitled to temporary total disability (TTD) benefits after June 29, 2004 for the mosquito bite allergy; and (8) concluding that VR services were properly closed. Lui specifically argues that the LIRAB's Findings of Fact (FOFs) 36, 37, 39, and 40 were erroneous and Conclusions of Law (COLs) 1, 2, 3, and 4 were wrong.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Lui's points of error are without merit.
Ordinarily, deference will be given to decisions of administrative agencies acting within the realm of their expertise. The rule of judicial deference, however, does not apply when the agency's reading of the statute contravenes the legislature's manifest purpose. Consequently, we have not hesitated to reject an incorrect or unreasonable statutory construction advanced by the agency entrusted with the statute's implementation.
Coon v. City & County of Honolulu, 98 Hawai`i 233, 245, 47 P.3d 348, 360 (2002) (internal quotation marks, citations, and brackets omitted).
Appellate review of a LIRAB decision is governed by HRS § 91-14(g) (1993), which states that:
Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
(1) In violation of constitutional or statutory provisions; or
(2) In excess of the statutory authority or jurisdiction of the agency; or
(3) Made upon unlawful procedure; or
(4) Affected by other error of law; or
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
We have previously stated:
FOFs are reviewable under the clearly erroneous standard to determine if the agency decision was clearly erroneous in view of reliable, probative, and substantial evidence on the whole record.
COLs are freely reviewable to determine if the agency's decision was in violation of constitutional or statutory provisions, in excess of statutory authority or jurisdiction of agency, or affected by other error of law.
A COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case. When mixed questions of law and fact are presented, an appellate court must give deference to the agency's expertise and experience in the particular field. The court should not substitute its own judgment for that of the agency.
Igawa v. Koa House Rest., 97 Hawai`i 402, 405-06, 38 P.3d 570, 573-74 (2001) (internal quotation marks, citations, and brackets in original omitted) (quoting In re Water Use Permit Applications, 94 Hawai`i 97, 119, 9 P.3d 409, 431 (2000)).
An FOF or a mixed determination of law and fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made. We have defined" substantial evidence" as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.
In re Water Use Permit Applications, 94 Hawai`i at 119, 9 P.3d at 431 (internal quotation marks and citations omitted).
The LIRAB did not err by finding that Lui did not experience the severe allergic reaction and symptoms that he attributed to mosquito bites he incurred from January to mid-March 2004. Because Lui's symptoms were not connected to his participation in his VR plan, it was not a compensable workers' compensation claim. Therefore, the LIRAB did not err by concluding that Lui's allergic reaction was not compensable and Lui was not entitled to TTD benefits after June 29, 2004 for the mosquito bite allergy. FOFs 36 and 37 were not erroneous, and COLs 1, and 3 were not wrong.
The LIRAB did not err by finding that Lui was first treated by Dr. Lawler for his work injury and subsequently exercised his first change of attending physician to Dr. Wengler.
Therefore, the LIRAB did not err by finding that Lui may not see Dr. Lawler as the attending physician for his workers' compensation injury and that Lui was not allowed to change his attending physician without employer approval, pursuant to HAR § 12-15-38(a). FOFs 39 and 40 are not clearly erroneous, and COL 2 is not wrong.
Lui's mosquito bites are not a compensable workers' compensation injury. Since Lui stopped participating in his VR plan due to a medical condition that was not compensable, the LIRAB did not err by concluding that his VR plan was infeasible, pursuant to HAR § 12-14-46, because it would be delayed for three to five years while he underwent desensitization. COL 4 is not wrong.
Because the LIRAB found that Lui did not suffer a severe reaction from mosquito bites from January to mid-March 2004, Employer was not required to rebut Lui's evidence of a mosquito problem at KCC during that period.
Because the LIRAB did not mention in its FOFs or COLS a report by Dr. Mihara of his review of Lui's medical records, Lui's argument about Dr. Mihara's record review is irrelevant.
Lui claims that pursuant to HAR § 12-15-85 he was entitled to medical care for his allergic condition because his allergy to mosquito bites prevents surgery for his back injury. The LIRAB did not decide this issue, and Lui fails to state where in the record he brought this issue to the attention of the LIRAB. Therefore, it is waived. HRAP Rule 28(b)(4).
Lui claims that his TTD should not have been terminated because there was no order by the Director to terminate his benefits and no showing that he was able to resume work. Contrary to Lui's claim, in the August 8, 2005 Amended Decision, the Director found that "the employer properly terminated temporary total disability benefits when [Lui's] vocational rehabilitation participation ended."
Therefore,
IT IS HEREBY ORDERED that the Labor and Industrial Relations Appeals Board's February 8, 2008 Decision and Order in Case No. AB 2005-315 (X-XX-XXXXX) is affirmed.